**UNITED STATES of America**

v.

**Mark GRIGSBY**

**No. 99–071L.**

United States District Court,
D. Rhode Island.

Feb. 24, 2000.

Zechariah Chafee, U.S. Attorney's Office, Providence, RI, for Plaintiff.

Andrew H. Berg, Providence, RI, for Defendant.

## OPINION AND ORDER

LAGUEUX, Chief Judge.

On June 20, 1999 the Grand Jury handed up an indictment against defendant, Mark S. Grigsby, for failing to pay child support obligations pursuant to an order of the Rhode Island Family Court in violation of 18 U.S.C. § 228. Subsequently, defendant moved to dismiss the indictment on the ground that § 228(b) contains an unconstitutional mandatory presumption.

This Court heard oral arguments on November 8, 1999 and, at that time, asked both the government and defendant to brief the issue of whether the presumption contained in § 228, if found to be unconstitutional, is severable from the remainder of the statute. This Court has carefully considered both issues.

For reasons discussed below, this Court concludes that § 228(b) contains an unconstitutional mandatory presumption. However, this Court opines that the unconstitutional provision is severable from the remainder of the statute. Therefore, defendant's motion to dismiss the indictment is denied, but the presumption will be disregarded at trial.

## I. Background

On or about February 7, 1996, the Rhode Island Family Court ordered defendant to pay child support to his ex-wife for his three children, Matthew, Amanda and Jacob, who reside in Rhode Island. Defendant has been indicted for failing to make these support payments from about June 24, 1998 to the time of indictment. The indictment charges that defendant, while residing in the state of California, did willfully fail to satisfy his support obligations for a period exceeding two years in violation of 18 U.S.C. § 228(a)(3).

On August 3, 1999, defendant appeared in this Court before Magistrate Judge Lovegreen for arraignment, having previously appeared in the United States District Court for the Central District of California on a Rule 40 hearing. Defendant was ordered by a Magistrate Judge in the District Court in California to appear in this Court. He then applied for travel expenses pursuant to 18 U.S.C. § 4285. His application was granted and defendant was given a one-way fare and subsistence expense money under 5 U.S.C. § 5702(a).

At the arraignment before Magistrate Judge Lovegreen, defendant pleaded not guilty and was released on bail and permitted to return to California. Since defendant was without financial means to return to California, on or about August 14, 1999 the United States Marshal for the District of Rhode Island arranged for his return trip and provided funds for his expenses not to exceed the amount authorized by 5 U.S.C. § 5702(a).

Soon thereafter defendant, through his court appointed attorney, filed this motion to dismiss the indictment. Defendant argues that because § 228(b) creates an unconstitutional mandatory presumption, that should cause dismissal of the indictment. In response, the government makes three arguments in support of its objection to defendant's motion to dismiss. The government first contends that the presumption passes constitutional muster because it is a permissible presumption only. Secondly, the government argues that even if it is deemed to be a mandatory presumption, it is nevertheless constitutional because the presumption is rebuttable. Finally, the government argues that the presumption, if found to be mandatory, should be analyzed under a less stringent constitutional test because it only shifts the burden of production not the burden of persuasion. The parties have filed their briefs and the matter is, now, in order for decision.

## II. Discussion

### A. Mandatory Presumption Violates the Due Process Clause

Defense counsel's critical legal eye has directed this court to address the constitutionality of § 228(b) of the Child Support Recovery Act (the "Act"). *See* 18 U.S.C. § 228(b). The purpose of the Act is to place non-payment of outstanding child support obligations within the purview of the federal criminal justice system, if such support obligations have remained unpaid for a period exceeding two years. To be found guilty under § 228, a person must "willfully fail [ ] to pay a child support obligation with respect to a child who resides in another State..." 18 U.S.C. § 228(a)(3). The exact section of the Act at issue in this case reads as follows: "The existence of a support obligation that was in effect for the time period charged in the indictment or information creates a rebuttable presumption that the obligor has the ability to pay the support obligation for that time period." 18 U.S.C. § 228(b). This section has the effect of creating a

presumption that if a support order is produced by the government, then the jury is to presume that the defendant is able to pay such support order unless the defendant proves otherwise.

In federal criminal cases, the constitutional validity of a presumption must be judged by reference to the Due Process Clause of the Fifth Amendment. Despite the existence of many cases dealing with the validity of presumptions, this Court has found no published opinion dealing with the constitutionality of the presumption contained in § 228(b). Therefore, this Court will be plowing new ground.

█ The Due Process Clause of the Fifth Amendment, as it applies in this case, requires that the prosecution bear the burden of proving every essential element of the crime charged beyond a reasonable doubt. Any evidentiary presumption that has the effect of relieving the government of that burden is, therefore, unconstitutional. *See County Court of Ulster County v. Allen*, 442 U.S. 140, 159, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Sandstrom v. Montana*, 442 U.S. 510, 524, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Francis v. Franklin*, 471 U.S. 307, 317, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *see also In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Hill v. Maloney*, 927 F.2d 646, 648 (1st Cir.1990). Defendant claims that the statutory presumption in § 228 violates the Due Process clause because it, at least, partially relieves the government from proving a key element of the crime, willfulness, i.e., it shifts the burden of persuasion to defendant on the question of ability to pay.

█ The resolution of this issue requires a multi-layered analysis. First, this Court must determine whether the challenged statutory presumption is mandatory or merely permissive. The Supreme Court has set forth different constitutional tests for each. A mandatory presumption requires the factfinder to infer an "elemental fact" such as intent or knowledge from proof of a "basic fact" such as the existence of an act or record. *See Lannon v. Hogan*, 719 F.2d 518, 520 (1st Cir.1983), *cert. denied*, 465 U.S. 1105, 104 S.Ct. 1606, 80 L.Ed.2d 136 (1984) (citing *Allen*, 442 U.S. at 157, 99 S.Ct. 2213). Such a presumption violates the Due Process Clause if the presumed fact is an element of the offense and the government would be expected to shoulder the burden of persuasion on that point. On the other hand, a permissive presumption allows but does not mandate that the jury infer the elemental fact from the existence of the basic or predicate fact. A permissive presumption does not release the government from its burden of persuasion, so long as there is a rational connection between the basic and presumed fact. *See McInerney v. Berman*, 621 F.2d 20, 23 (1st Cir.), *cert. denied*, 449 U.S. 867, 101 S.Ct. 201, 66 L.Ed.2d 85 (1980); *Franklin*, 471 U.S. at 314–315, 105 S.Ct. 1965 (citing *Allen*, 442 U.S. at 157–63, 99 S.Ct. 2213).

Secondly, if this Court concludes that the statutory presumption is mandatory, it must then determine whether such presumption does, in fact, shift the government's burden of persuasion to the defendant in violation of the Due Process Clause, or only shifts the burden of production. Finally, if the provision is unconstitutional, the Court must decide if it is severable, i.e., whether "the invalid part may be dropped if what is left is fully operative as a law." *Buckley v. Valeo*, 424 U.S. 1, 108, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976)(quoting *Champlin Refining Co. v. Corporation Comm'n of Oklahoma*, 286 U.S. 210, 234, 52 S.Ct. 559, 76 L.Ed. 1062 (1932)); *see also Alaska Airlines v. Brock*, 480 U.S. 678, 107 S.Ct. 1476, 94 L.Ed.2d 661 (1987).

The first task, therefore, is to address whether the statutory presumption contained in § 228(b) is permissive or mandatory. The government contends that the presumption is not mandatory without citing to any cases. Defendant argues that the presumption is mandatory because the

language used in the statute compels the factfinder to find that the defendant had the ability to pay unless the defendant produces sufficient evidence to rebut that presumption. *See Sandstrom*, 442 U.S. at 514–15, 99 S.Ct. 2450.

The Supreme Court has instructed lower courts on the method to be used in determining whether a presumption is mandatory or permissive. In *Allen* the Court considered a facial attack on a New York statute for impermissibly shifting the burden of proof onto the defendant. In its decision reversing the grant of habeas corpus, the Court stated that the Court of Appeals for the Second Circuit erroneously categorized the presumption as mandatory, because it had disregarded a New York court decision[1] that the statute created a permissive presumption. The *Allen* Court thus stressed the mandatory—permissive presumption distinction, and dictated that a different constitutional test applied to each. *See* 442 U.S. at 156–63, 99 S.Ct. 2213.

A permissive presumption is one which "allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant." *Id.* at 157, 99 S.Ct. 2213. In reviewing permissive presumptions, the Court requires the challenger to demonstrate the presumption's invalidity "as applied to him." *Id.* Simply put, if the challenge to a statute is a facial attack then it will fail if the statute creates a permissive presumption. However, there can be a constitutional challenge to the application of a statute to a particular case if there is no rational way the trier of fact could make the connection between the presumed, elemental fact and the basic fact. *Id.* This so-called "rational connection" test applies only to permissive presumptions. If such an irrational result were evident in the verdict, that result might be the product of an improper reliance on the presumption by the jury, without the trier of

fact having the necessary evidence to make the connection dictated by the presumption. Such a result would violate the Due Process Clause. *See Winship*, 397 U.S. at 364, 90 S.Ct. 1068. In sum, the rational connection test is utilized when other than a facial attack on the statute is being made.

When there is a mandatory presumption, on the other hand, the trier of fact is confronted with a command that if fact A is proved, than fact B follows. In analyzing the constitutional validity of a mandatory presumption, a court must look to the language of the statute rather than to the evidence produced at trial or the jury instructions. A mandatory presumption is "a far more troublesome evidentiary device" because it may "affect not only the strength of the 'no reasonable doubt' burden" but also, if the presumption is rebuttable, the "placement of that burden." *Allen*, 442 U.S. at 157, 99 S.Ct. 2213. In effect, the mandatory presumption dictates that the factfinder "*must* find the elemental fact upon proof of the basic fact ..." *Id.* Consequently, the government is relieved of having to produce evidence on an element of the crime at trial.

Since the elemental fact of an offense is to be accepted as proven without direct proof thereon, the Supreme Court commands that a mandatory presumption be examined "on its face to determine the extent to which the basic and elemental facts coincide." *Id.* at 158, 99 S.Ct. 2213; *see also Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), *reh'g denied*, 397 U.S. 958, 90 S.Ct. 939, 25 L.Ed.2d 144 (1970); *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *Tot v. United States*, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). Since the factfinders are told to accept the presumption, irrespective of the particular facts brought forward by the government in support of the elemental fact, the analysis of the mandatory pre-

---

1. *People v. Lemmons,* 40 N.Y.2d 505, 387     N.Y.S.2d 97, 100–01, 354 N.E.2d 836 (1976).

sumption's constitutional validity "is logically divorced from those facts and based on the presumption's accuracy in the run of cases." 442 U.S. at 159, 99 S.Ct. 2213.

In *Allen,* the Supreme Court indicated that a mandatory presumption's constitutionality will be determined by a stricter test than the "rational connection" test used with permissive presumptions. Where a mandatory presumption is used, the defendant may be convicted based upon the presumption alone as a result of the failure of the accused to introduce proof to the contrary. The *Allen* Court reasoned that in such an instance the presumption would be unconstitutional unless the basic facts, standing alone, are sufficient to support the inference of guilt beyond a reasonable doubt. 442 U.S. at 166–167, 99 S.Ct. 2213 (citing *Barnes v. United States,* 412 U.S. 837, 842–43, 93 S.Ct. 2357, 37 L.Ed.2d 380). In establishing the "reasonable doubt" test for mandatory presumptions, the Court stated that the more stringent test applies because with the "mandatory presumption ... the jury must accept [it] even if it is the sole evidence of an element of the offense." *Id.* (citations omitted).

Several years later, in *Francis,* the Supreme Court held that an instruction in a Georgia homicide prosecution, stating that the "acts of a person of sound mind and discretion are presumed to be the product of a person's will," but the presumption "may be rebutted," violated the constitutional test laid out in *Allen* and *Sandstrom.* 471 U.S. at 317, 105 S.Ct. 1965. The fact that the presumption was expressly made rebuttable did not make it any less constitutionally infirm so long as the presumption relieves the government of the burden of persuasion on an element of the offense. *Id.*

Finally, although the Supreme Court has not specifically so held, dictum in *Allen* indicates that mandatory presumptions will be scrutinized differently depending on whether they shift the burden of persuasion or merely the burden of produc-

tion. The Court stated that "mandatory presumptions can be subdivided into two parts: presumptions that merely shift the burden of production to the defendant ... and presumptions which entirely shift the burden of proof to the defendant." 442 U.S. at 157–58, n. 16, 99 S.Ct. 2213 (citing *Turner* and *Tot* ). The Court went on to say that "to the extent that a presumption imposes an extremely low burden of production ... it may well be that its impact is no greater than a permissive inference, and it may be proper to analyze it as such." *Id.*

■ However, this dictum has only led to a theoretical subdivision of mandatory presumptions, the ramifications of which have been mainly identified in the academic literature. *See, e.g.,* Burke, *The Tension Between In re Winship and the Use of Presumptions in Jury Instructions After Sandstrom, Allen and Clark,* 17 N.Mex.L.Rev. 55, 68–71 (1987) and 2 *McCormick on Evidence* § 347 (Practitioner ed.1999). Upon closer examination, the cases cited by the Court in *Allen* at footnote 16 clearly hold that mandatory presumptions are unconstitutional when there is no conclusive link between the basic fact and the presumed, elemental fact. For example, in *Turner* the Court struck down a statutory mandatory presumption that possession of cocaine presumptively indicated defendant's knowledge that the cocaine was unlawfully imported. The Court's rationale for declaring that mandatory presumption unconstitutional was solely that there was a reasonable doubt as to whether cocaine was produced in this country. *See Turner,* 396 U.S. at 418–19, 90 S.Ct. 642. Conversely, the Court reached the contrary result with respect to a similar presumption regarding heroin, because the Court had "no reasonable doubt that ... heroin is not produced in this country." *Id.* at 408, 90 S.Ct. 642. Therefore, a factfinder could presume that if one had heroin, it was the result of unlawful importation.

Thus, if the basic fact is not conclusively linked to the presumed, elemental fact in a mandatory presumption, it will be held to be an unconstitutional shifting of the burden of persuasion to the defendant in violation of the Due Process Clause. Obviously, this test is stricter than the rational connection required between the basic fact and the presumed fact in the case of permissive presumptions.

■ In this case, the language of the provision obviously creates a mandatory presumption. Section 228(b) directs the trier of fact "that he or she must find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts." 442 U.S. at 157, 99 S.Ct. 2213 (citations omitted). There is no language in the statute that indicates that the jury is free to accept or reject the presumption upon proof of the basic fact. Consequently, this Court concludes that § 228(b) clearly creates a mandatory presumption.

Upon the introduction into evidence of a Court decreed support obligation by the government, § 228(b) directs a finding by the jury that defendant has the ability to pay the support order. Section 228 requires that the failure to pay be willful. Therefore, a basic element of the crime is that a defendant have the ability to pay the support order but chooses not to do so. Thus, in prosecuting a charge under § 228, the government is relieved of having to prove that a defendant has the ability to pay so long as there is evidence of an outstanding support obligation. By directing a jury to presume a defendant's ability to pay, the presumption in § 228(b) directly conflicts with the constitutional presumption of innocence. *See Sandstrom,* 442 U.S. at 522, 99 S.Ct. 2450 (quoting *Morissette v. United States,* 342 U.S. 246, 274–75, 72 S.Ct. 240, 96 L.Ed. 288 (1952)). *See also Hill,* 927 F.2d at 650 (holding that a mandatory presumption in a jury charge which directed a finding on an element of the criminal offense violated the Due Pro-

cess Clause). The presumption contained in § 228(b) has such an effect because it places on defendant the burden of proving his inability to pay.

In this case, the mandatory presumption in § 228(b) shifts the burden of persuasion to the defendant with respect to an element of the offense. It does not merely impose a burden of production on the defendant; it requires the defendant to convince the jury that he does not have the ability to pay the support obligation. Since the statute requires "willful" failure to pay support obligations, any presumption which directs a finding on defendant's ability to pay necessarily involves that element of the offense. Therefore, the presumption improperly attempts to dictate a finding on the intent element of the offense. It thus conflicts with the principle that intent is not subject to direct proof, but rather is the subject of inference to be drawn from the presentation of circumstantial evidence by the government. *See Morissette,* 342 U.S. at 252, n. 9, 72 S.Ct. 240 (quoting Radin, *Intent,* Criminal, 8 Encyc.Soc.Sci. 126, 127). The government always has the burden of persuasion on the element of "willfullness." It is the government, not the defendant, who must carry the day on that point.

■ Further, the fact that the mandatory presumption in § 228(b) is rebuttable, does not change the analysis or the result. *See Franklin,* 471 U.S. at 316, 105 S.Ct. 1965. A rebuttable mandatory presumption violates the Due Process Clause because it shifts the burden of persuasion; it requires defendant to come forward with evidence to disprove an element of the offense. *See Allen,* 442 U.S. at 157, 99 S.Ct. 2213.

■ The Court now turns to the question of whether, under the constitutional test outlined above, the mandatory presumption in § 228(b), on its face, impermissibly shifts the burden of persuasion to the defendant. Because the presumption in § 228(b) is mandatory, the search for

the rationale which supports the soundness of the presumption should begin by examining the legislative history. Unfortunately, the legislative history is sparse and unhelpful in this case. The Act was first passed in 1992, in an attempt to severely punish so called "deadbeat" parents. As first enacted, the Act did not contain the mandatory presumption presently found in § 228(b). In 1998, as part of the Deadbeat Parents Punishment Act of 1998, the Act was amended, inter alia, to include the presumption at issue in this case. *See* Act of June 24, 1998, Pub.L. 105–187, *reprinted in* 1998 U.S.C.C.A.N. (112 Stat. 618)(codified as amended at 18 U.S.C. § 228(b)); *see also* H.R. No. 3811 (S.1371), 105th Cong. 2nd Sess. The 1998 Amendment contains no accompanying legislative comments nor any information regarding the background information upon which this presumption is based. In fact, the only legislative history found is a statement from Representative Paul, who opposed the inclusion of the mandatory presumption because he thought it resulted in an unconstitutional shifting of the burden of proof to the defendant. *See* 144 Cong.Rec. H3044–45 (Daily ed. May 12, 1998)(Statement of Rep. Paul).

Therefore, this mandatory presumption was inserted in the statute without a word from Congress to support its rationale. Consequently, this Court has no basis upon which to analyze the wisdom of this legislative judgment. It is readily apparent that the issuance of a support order by a Court does not establish beyond a reasonable doubt that the parent involved will have the ability to pay that obligation over the next two years. In many cases, the parent is not even before the Court to contest the order and his or her ability to make the payments is thus the result of an ex parte proceeding with little or no evidence presented on the issue. Therefore, in the run of cases, it is unreasonable to conclude that a parent has the ability to pay solely based on the issuance of a court order and to command a jury to make that inference is arbitrary. Clearly, this pre-

sumption even fails the rational connection test as well. Therefore, this Court concludes that the rebuttable mandatory presumption in § 228(b) violates the Due Process Clause of the Fifth Amendment.

Even if the presumption in § 228(b) is viewed as only shifting the burden of production, it would still violate the Due Process Clause. The Supreme Court has not directly ruled on which constitutional test applies to mandatory presumptions which shift only the burden of production. *See Allen*, 442 U.S. at 157, n. 16, 99 S.Ct. 2213. Nevertheless, this Court believes that the Supreme Court decisions indicate that it is inevitable that the constitutional validity of such a presumption will be analyzed under the stricter test when the production burden is severe. *See Sandstrom*, 442 U.S. at 516–17, 99 S.Ct. 2450. For example, the Supreme Court in *Sandstrom* found that a mandatory presumption was impermissible if a jury could interpret an instruction as possibly shifting the burden of persuasion, regardless of whether a jury could also interpret the presumption as only shifting the burden of production. *Id.; see also Turner*, 396 U.S. at 418–19, 90 S.Ct. 642. This is because the jury may not be convinced by defendant's rebuttal evidence.

Consequently, in this case even if the presumption in § 228(b) can be read as shifting only the burden of production, the presumption still runs the risk of requiring defendant to prove that he did not willfully fail to pay the support order. "Such a requirement shifts not only the burden of production, but also the ultimate burden of persuasion on the issue of intent." 442 U.S. at 518, 99 S.Ct. 2450. Therefore, the stricter "reasonable doubt" test would be used to analyze such a production-shifting presumption because an impermissible burden is placed on defendant. *See Allen*, 442 U.S. at 157, 99 S.Ct. 2213. Furthermore, this presumption does not result in minor burden shifting since the presumed fact which defendant must rebut goes to the element of intent.

*Id.* at 157, n. 16, 99 S.Ct. 2213 (opining that the rational connection test used with permissible presumptions may be used to test the constitutional validity of mandatory presumptions that shift a low burden of production).

If § 228(b) is interpreted as shifting the burden of production only, a case heavily relied upon in the *Allen* and *Sandstrom* decisions illustrates why there is great risk in requiring a defendant to come forward with evidence to rebut such a presumption. In *Tot*, the Supreme Court analyzed the validity of a statutory presumption which required that the trier of fact accept that possession of a firearm constitutes proof positive that such firearm was shipped or received in interstate commerce. 319 U.S. at 464, 63 S.Ct. 1241. The Court summarized the problem of shifting the burden of persuasion on an element of the crime as follows:

> "Whether the statute in question be treated as expressing the normal balance of probability, or as laying down a rule of comparative convenience in the production of evidence, it leaves the jury free to act on the presumption alone once the specified facts are proved, unless the defendant comes forward with opposing evidence. And this we think enough to vitiate the statutory provision."

*Id.* at 469, 63 S.Ct. 1241. Furthermore, if the only way for defendant to avoid conviction under the statute is to come forward with rebuttal evidence "and if, as is necessarily true, such evidence must be credited by the jury if the presumption is to be rebutted, the defendant is under the handicap, if he takes the witness stand," of admitting other negative evidence. *Id.* at 470, 63 S.Ct. 1241.

That reasoning applies in this case, whether the presumption is viewed as shifting the burden of proof or only the burden of production. In either event, the defendant may be forced to take the stand and prove he did not have the ability to pay the support order. In short, § 228(b) unconstitutionally forces defendant to rebut the presumption in this case on an element of the criminal offense which the government must prove and that results in a violation of the Due Process Clause.

## B. Severability of the Unconstitutional Provision

█ At oral argument, this Court asked both sides to brief the issue of whether the mandatory presumption, if found invalid, was severable from the remainder of the Act. They have done so and both sides agree that the Court can sever the part of the Act containing the presumption from the remainder of the statute. A review of the legislative history and the caselaw indicates that 18 U.S.C. § 228 can survive on its own without the presumption.

In *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 107 S.Ct. 1476, 94 L.Ed.2d 661 (1987), the Supreme Court laid out the analysis to be used for deciding severability issues. Thus, the standard is well established: " 'Unless it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law.' " *Id.* at 684, 107 S.Ct. 1476 (quoting *Buckley v. Valeo*, 424 U.S. 1, 108, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976)); *see also Minnesota v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172, 119 S.Ct. 1187, 1198, 143 L.Ed.2d 270 (1999). Under this standard, "a Court should refrain from invalidating more of the statute than is necessary." *Ackerley Communications of Massachusetts, Inc. v. City of Somerville*, 878 F.2d 513, 522 (1st Cir.1989)(quoting *Regan v. Time, Inc.*, 468 U.S. 641, 652, 104 S.Ct. 3262, 82 L.Ed.2d 487 (1984)).

In addressing this issue, the critical question is whether the remainder of the statute will function in a manner consistent with the intent of Congress. In this case, the task is quite simple. When § 228 is

placed under the analytical lens of *Alaska Airlines*, it is clear that § 228(a)(3) contains the entire criminal offense. The unconstitutional mandatory presumption contained in § 228(b) merely establishes the requirements of proof for the government on the element of defendant's ability to pay the support obligation. This Court thus concludes that the severance of the presumption leaves a statute that functions in a manner consistent with the intent of Congress. Simply put, those individuals in one state that willfully fail to pay a support obligation to someone in another state for a period of two years shall be guilty of a federal crime.

Section 228(a)(3) is fully operative as a law without § 228(b). This is evident from the fact that, until the 1998 amendment to the Act, § 228 was in effect for a period of some six years without the presumption.

## CONCLUSION

The mandatory rebuttable presumption contained in § 228(b) violates the Due Process Clause of the Fifth Amendment to the United States Constitution. However, it is severable from the remainder of the statute. Therefore, defendant's motion to dismiss the indictment is denied but the presumption will be disregarded at trial.

It is so ordered.