**UNITED STATES of America, Plaintiff,**

v.

**Anthony MORROW, Defendant.**

**No. 03–10085.**

United States District Court, C.D. Illinois.

May 6, 2005.

---

Darilynn Knauss, Assistant U.S. Attorney, Peoria, IL, for Plaintiff.

Karl Bryning, Assistant Federal Public Defender, Peoria, IL, for Defendant.

### ORDER

MIHM, District Judge.

This matter was before the Court on Defendant Morrow's Motion to Dismiss or Sever [# 19]. In a hearing on April 25, 2005, the Court granted the motion in part, allowing severance, but denying Morrow's request to dismiss the indictment. The

Court writes this Order to elaborate on its reasoning for that oral ruling.

## Background

Defendant Morrow was charged with two counts of failure to pay child support in violation of 18 U.S.C. § 228(a)(3). That statute makes it a federal offense to "willfully fail[ ] to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 2 years, or is greater than $10,000 ...." In addition, 18 U.S.C. § 228(b) establishes that "[t]he existence of a child support obligation that was in effect for the time period charged in the indictment or information creates a rebuttable presumption that the obligor has the ability to pay the support obligation for that time period." In the superceding indictment, filed after Morrow's Motion to Dismiss, the government charged Morrow with a similar violation under 18 U.S.C. § 228(a)(2). That statute makes it a federal crime to "travel[ ] in interstate or foreign commerce with the intent to evade a support obligation, if such obligation has remained unpaid for a period longer than 1 year, or is greater than $5,000 ...." The Court's ruling below applies equally to that charge in the superceding indictment.

Morrow filed the Motion the Court now considers, claiming that the § 228(b) presumption violates the Due Process Clause of the Fifth Amendment because it relieves the government from proving all the elements of the § 228(a)(3) offense. Morrow suggested the Court should dismiss the charges on this basis, or, in the alternative, sever the § 228(b) presumption. The Court choose the latter position at the hearing, and writes this Order to expand on its reasoning.

## Discussion

■ The Fifth Amendment's Due Process Clause requires that the government bear the burden of proving every essential element of the crime charged beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). "Any evidentiary presumption that has the effect of relieving the government of that burden is ... unconstitutional." *United States v. Grigsby*, 85 F.Supp.2d 100, 103 (citing cases). The analysis required in this case is identical to that contained in *Grigsby*, cited above, as that court faced the exact question at issue here. No court of appeals has addressed the issue and the Court finds *Grigsby* persuasive and well-reasoned.. In *Grigsby*, Chief Judge Lagueux first set out the analysis required to resolve the legal question before the court. First, a court must determine whether the presumption is mandatory or permissive. *Id.* If the presumption is. mandatory, the court must decide whether the presumption impermissibly shifts the government's burden of persuasion, as opposed to merely the burden of production, to the defendant. *Id.* Finally, if the Court finds that the burden of persuasion is impermissibly shifted, it must decide whether the presumption is severable from the rest of the statute. *Id.* The Court agrees with Chief Judge Lagueux in that the answer to all of these questions leads to the inescapable conclusion that § 228(b) is unconstitutional under the Fifth Amendment and that it can be severed from the statute as a whole.

■ First, one need look no further than the plain language of the § 228(b) to determine that it is mandatory. 18 U.S.C. § 228(b); *see Grigsby*, 85 F.Supp.2d at 106. "There is no language in the statute that indicates that the jury is free to accept or reject the presumption upon proof of the basic fact." *Grigsby*, 85 F.Supp.2d at 106. Accordingly, the Court finds that the § 228(b) presumption is mandatory.

■ Second, the presumption shifts the burden of persuasion, and not merely the burden of production to the defendant.

This is because § 228(a)(3) requires the government to prove that the defendant failed to pay "willfully," but § 228(b) allows a presumption that the defendant had the "ability to pay" his support obligations. 18 U.S.C. § 228(a)(3), (b). If a defendant had the ability to pay, his failure to pay is, in nearly every instance, "willful."[1] Accordingly, § 228(b) redirects the government's ultimate burden of persuasion on the element of wilfulness. *Id.* A mandatory presumption may be permissible in a criminal case if "the basic facts, standing alone, are sufficient to support the inference of guilt beyond a reasonable doubt." *Id.* at 105. However, that is obviously not the case here, for

> [i]t is readily apparent that the issuance of a support order by a Court does not establish beyond a reasonable doubt that the parent involved will have the ability to pay that obligation over the next two years. In many cases, the parent is not even before the Court to contest the order and his or her ability to make the payments is thus the result of an ex parte proceeding with little or no evidence presented on the issue. Therefore, in the run of cases, it is unreasonable to conclude that a parent has the ability to pay solely based on the issuance of a court order and to command a jury to make that inference is arbitrary.

For theses reasons, § 228(b) impermissibly shifts the burden of persuasion to the defendant on the issue of willfulness in violation of the Fifth Amendment Due Process Clause.

█ The final step is determining what remedy the above conclusion dictates. As the *Grigsby* court noted, "the standard [on this question] is well established: 'Unless it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law.'" *Id.* at 108 (quoting *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 107 S.Ct. 1476, 94 L.Ed.2d 661 (1987)). Again, the Court agrees with Chief Judge Lagueux in his conclusion that "Section § 228(a)(3) is fully operative as a law without § 228(b). This is evident from the fact that, until the 1998 amendment to the Act, § 228 was in effect for a period of six years without the presumption." *Id.* at 109. Further, there is nothing in legislative history to suggest that Congress intended that the two provisions must work in tandem or not at all. *Id.* at 108. Accordingly, we hold that § 228(a)(3) is valid even after § 228(b) is severed from the statute.

### Conclusion

For the foregoing reasons, Defendant Morrow's Motion to Dismiss or Sever [# 19] is GRANTED IN PART and DENIED IN PART. The Motion is granted to the extent it seeks severance of § 228(b) because it violates the Fifth Amendment to the United States Constitution, but denied to the extent it seeks dismissal on that basis. Consequently, if this case goes to trial, the jury will not be instructed on § 228(b)'s presumption.

---

1. The bulk of the government's brief is focused on the fact that " 'ability to pay' is not an element of the statute," and therefore, the presumption is constitutional. They cite *U.S. v. Calero*, 2004 WL 2181260 (S.D.N.Y.2004), an unpublished decision of the Southern District of New York, to support their position. However, that case is inapplicable here. *Calero* faced the question, on a motion for new trial, whether the government proved the element of willfulness beyond a reasonable doubt. *Calero* merely determined that the government had met its burden of proof on that issue sufficient to sustain the verdict. *Id.* at *5. The constitutional issue before this Court was simply not at issue in *Calero*.