**UNITED STATES of America,**
**Plaintiff,**

v.

**David PILLOR, Defendant.**

**No. C 05–00147 SI.**

United States District Court,
N.D. California.

May 12, 2005.

Daniel Paul Blank, Federal Public Defender's Office, San Francisco, CA, for Defendant.

Jeffrey R. Finigan, U.S. Attorney's Office, San Francisco, CA, for Plaintiff.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION TO STRIKE

ILLSTON, District Judge.

On May 6, 2005, the Court heard oral argument on defendant's motion to dismiss his indictment under 18 U.S.C. § 228, the Child Support and Recovery Act, and his motion to strike the "mandatory presumption" contained in 18 U.S.C. § 228(b). Having carefully considered the arguments of counsel and the papers submitted, the Court hereby DENIES the motion to dismiss and GRANTS the motion to strike for the reasons set forth below.

### I. Motion to Dismiss Indictment

Defendant moves to dismiss the indictment on grounds that 18 U.S.C. § 228 exceeds Congress' power under the Commerce Clause. Defendant argues that the

Ninth Circuit's decision upholding the constitutionality of the statute, *United States v. Mussari*, 95 F.3d 787 (9th Cir.1996), has been "fatally undermined" by *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000).

The Court finds that 18 U.S.C. § 228 does not offend the Commerce Clause. The five circuits that have addressed this issue since *Morrison* have concurred in this assessment. *See United States v. Klinzing*, 315 F.3d 803, 806–07 (7th Cir. 2003); *United States v. Monts*, 311 F.3d 993 (10th Cir.2002); *United States v. King*, 276 F.3d 109 (2d Cir.2002); *United States v. Lewko*, 269 F.3d 64 (1st Cir.2001); *United States v. Faasse*, 265 F.3d 475 (6th Cir.2001) (en banc). Prior to *Morrison*, ten circuits had considered and upheld the constitutionality of the statute under the Commerce Clause.

In addition, the Ninth Circuit's decision in *United States v. Mussari*, 95 F.3d 787 (9th Cir.1996), remains good law after *Morrison*. The Supreme Court has identified three broad categories of activity that Congress may regulate under its commerce power: (1) the use of the "channels of interstate commerce"; (2) "instrumentalities of interstate commerce or things in interstate commerce"; and (3) "activities having a substantial relation to interstate commerce." *Morrison*, 529 U.S. at 608–09, 120 S.Ct. 1740 (quoting *United States v. Lopez*, 514 U.S. 549, 558–59, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995)). In *Morrison*, the Supreme Court addressed only whether the third prong of *Lopez*, the "substantial effects" test or "aggregation theory," was implicated by the Violence Against Women Act ("VAWA"). *See Morrison*, 529 U.S. at 609, 120 S.Ct. 1740 ("Petitioners do not contend that these cases fall within either of the first two of these categories of Commerce Clause regulation."). But *Morrison* does not under-

mine the Ninth Circuit's conclusion in *Mussari* that a child support obligation is a "thing" in interstate commerce that may be properly regulated by Congress under the second prong of the *Lopez* test. *Mussari*, 95 F.3d at 790.

■ Defendant also contends that the statute is unconstitutional as applied to him because the government does not allege that he actually used the channels of interstate commerce. The *Mussari* court expressly rejected this argument, finding that while "the debtor himself is doing nothing in interstate commerce," "[t]he frustration of satisfaction of the obligation by the failure of the debtors to pay is an impediment to interstate commerce that Congress can criminalize as it has criminalized other impediments to interstate commerce." *Mussari*, 95 F.3d at 790 (citing *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964)). Accordingly, the Court finds that the Ninth Circuit's analysis in *Mussari* survives *Morrison*.

Defendant's motion to dismiss is DENIED.

## II. Motion to Strike Presumption

■ Defendant also asks the Court to strike as unconstitutional 18 U.S.C. § 228(b), the statutory provision creating a rebuttable presumption. The Child Support and Recovery Act authorizes punishment of "any person who ... willfully fails to pay a support obligation with respect to a child who resides in another state." 18 U.S.C. § 228(a). Section 228(b) states: "Presumption. The existence of a support obligation that was in effect for the time period charged in the indictment or information creates a rebuttable presumption that the obligor has the ability to pay the support obligation for that time period." The statute defines a "support obligation" as "any amount determined under a court

order or an order of an administrative process pursuant to the law of a State ... to be due from a person for the support and maintenance of a child or of a child and the parent with whom the child is living." *Id.* at § 228(f)(3). Defendant argues that this presumption (1) is mandatory rather than permissive, and (2) impermissibly shifts the burden of proof from the government to the defendant on the element of "willfulness," in violation of the Due Process Clause.

Defendant relies on *United States v. Grigsby*, 85 F.Supp.2d 100 (D.R.I.2000), where the district court concluded that the statute "obviously" creates a mandatory presumption because it requires the jury to find from the obligation itself that the defendant had the ability to pay. 85 F.Supp.2d at 106. This Court agrees that "[t]here is no language in the statute that indicates that the jury is free to accept or reject the presumption upon proof of the basic fact." *Id.* The plain language of the statute indicates that the presumption is required: "[t]he existence of a support obligation ... *creates* a rebuttable presumption." 18 U.S.C. § 228(b) (italics added). Therefore, the Court cannot find, as the government argues, that the presumption is permissive or that the jury may be instructed that they may reject the finding. The rebuttable presumption in § 228(b) is mandatory.

■ The question then is whether this mandatory rebuttable presumption offends the Fifth Amendment's Due Process Clause. The Due Process Clause requires proof beyond a reasonable doubt of every element of the crime charged. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). A mandatory presumption, even if rebuttable, violates due process if it relieves the government of the burden of persuasion on an element of the offense. *Francis v. Franklin*, 471 U.S.

307, 317, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). In other words, an unconstitutional presumption "tells the factfinder that he must find the presumed element upon proof of the basic fact, unless the defendant comes forward with some evidence to rebut the presumed connection between the two facts." *McLean v. Moran*, 963 F.2d 1306, 1308 (9th Cir.1992).

According to defendant, a jury's finding of "ability to pay" is tantamount to proof of the element of "willfulness" because the Ninth Circuit has defined willfulness in § 228 as "having the money and refusing to use it for child support; or, not having the money because one has failed to avail oneself of the available means of obtaining it." *United States v. Ballek*, 170 F.3d 871, 873 (9th Cir.1999). He contends that, if the government shows the existence of the support obligation and his failure to pay the support, the willfulness element will be satisfied. The government argues that § 228(b) merely allows the jury to find a *fact* from the existence of a support obligation—the fact of the defendant's "ability to pay"—rather than finding the presumed *element* of willfulness, and that the *Grigsby* court erroneously concluded that these two were one and the same. While the government is literally correct that "ability to pay" is not an element of the offense, the Court agrees with defendant that, under the Ninth Circuit's definition of willfulness, the effect of the presumption is to allow the jury to make a finding on the willfulness element, which the defendant must then disprove.

This burden-shifting is impermissible because there is an insufficient link between the basic fact of an existing support obligation and the elemental fact of willfulness. *See Grigsby*, 85 F.Supp.2d at 106 ("if the basic fact is not conclusively linked to the presumed, elemental fact in a mandatory presumption, it will be held to be an

unconstitutional shifting of the burden of persuasion to the defendant in violation of the Due Process Clause."). The *Grigsby* court concluded that this presumption was constitutionally impermissible because Congress provided no rationale for it. It reasoned:

> [T]he issuance of a support order by a Court does not establish beyond a reasonable doubt that the parent involved will have the ability to pay that obligation ... In many cases, the parent is not even before the Court to contest the order and his or her ability to make the payments is thus the result of an ex parte proceeding with little or no evidence presented on the issue. Therefore, in the run of cases, it is unreasonable to conclude that a parent has the ability to pay solely based on the issuance of a court order and to command a jury to make that inference is arbitrary.

*Id.* at 107.

Many, perhaps most, support orders are issued after taking into account a parent's ability to pay. Some, though—as, for example, in ex parte proceedings—may not be. Others may stay in effect after the parent's financial circumstances have changed for the worse. Support orders are certainly relevant evidence, but "to command a jury" to infer from the existence of a support order that a parent has the ability to pay beyond a reasonable doubt is arbitrary. The Court finds that the government bears the burden of showing that the defendant actually had the ability to pay for the relevant period. Otherwise, the defendant would be forced to rebut the presumption on an element of the offense.

Accordingly, the presumption in § 228(b) violates due process. The Court follows the *Grigsby* court's lead in striking the presumption, but finding it severable from the statute. *See Alaska Airlines,*

*Inc. v. Brock,* 480 U.S. 678, 107 S.Ct. 1476, 94 L.Ed.2d 661 (1987). Section 228(a) is a fully operative criminal statute under which defendant may be prosecuted without subsection (b).

**IT IS SO ORDERED.**